**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARY HOOKS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07CV634** |
| | § | |
| **SEARS, ROEBUCK & CO., ROY** | § | |
| **BUXTON, and JOHN DOES A-Z** | § | **DEFENDANTS** |

<u>**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT, ROY BUXTON'S MOTION TO DISMISS**</u>

**THIS MATTER IS BEFORE THE COURT** on the Motion to Dismiss [4] filed by

Defendant, Roy Buxton.  Plaintiff, Mary Hooks, has responded to the Motion, and Buxton has

replied.  Upon reviewing the submissions of the parties and the relevant law, the Court finds that

Buxton's Motion to Dismiss should be denied.

FACTS

Plaintiff was employed as an Auto Center Manager at the Sears store in Gautier,

Mississippi.  She was terminated on December 16, 2005, by Buxton.  On May 18, 2007, she filed

this lawsuit, alleging age discrimination against Sears and alleging tortious interference with her

at-will employment against Buxton.[1]

DISCUSSION

Buxton has filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), asserting that

Plaintiff's tortious interference claim is barred by the one-year statute of limitations, MISS. CODE

ANN. §15-1-35.  The one-year statute provides: "All actions for assault, assault and battery,

maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words

---

[1] Interference with an at-will employment relationship can be the basis for a tortious interference with contract claim under Mississippi law.  *Morrison v. Miss. Enter. for Tech., Inc.*, 798 So. 2d 567, 574 (¶23) (Miss. Ct. App. 2001) (citing *Levens v. Campbell*, 733 So. 2d 753 (Miss. 1999)).

concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." MISS. CODE ANN. §15-1-35.  However, Plaintiff asserts that the three-year statute of limitations applies.  *See* MISS CODE ANN. § 15-1-49.

In support of his argument, Buxton relies on *Robinson v. Coastal Family Health Center, Inc.*, in which the Court held that a one-year statute of limitations applied to plaintiff's claims against his supervisor for tortious interference with an employment contract.  *Robinson v. Coastal Family Health Ctr., Inc.*, 756 F. Supp. 958 (S.D. Miss. 1990).  The Court reasoned that the plaintiff's allegations against the supervisor were analogous to a menace claim, which is one of the enumerated torts to which the one-year statute of limitations applies.  *Robinson*, 756 F. Supp. at 965.  Therefore, the Court in Robinson held that the one-year statute of limitations should be applied to the plaintiff's tortious interference claim.  *Id.*  In support of this reasoning, the Court relied on *Dennis v. Travelers Ins. Co.*, in which the Mississippi Supreme Court held that a claim arising out of the mailing of a threatening letter should be classified as a menace, and thus, the one-year statute of limitations should apply.   *Robinson*, 756 F. Supp. at 965 (citing *Dennis v. Travelers Ins. Co.*, 234 So. 2d 624, 626 (Miss. 1970)).  In *Robinson*, the Court noted that the term "menace" refers to an intention to inflict harm by means of some gesture or statement, and that the term described the precise type of conduct alleged against the plaintiff's supervisor.[2]  *Id.* at 964-65.

However, two years after the *Robinson* decision, the Mississippi Supreme Court held that

---

[2]The plaintiff in *Robinson* alleged that his supervisor intentionally misinformed his employer that he had resigned, when in fact she had terminated him.  *Id.*

the three-year statute of limitations applied to a tortious interference claim in a lawsuit brought by a patent licensee against a company that had agreed to supply the licensee with certain components of its product. *Nichols v. Tri-State Brick & Tile Co.*, 608 So. 2d 324, 332-33 (Miss. 1992). In *Nichols*, the Court explained:

> We need not address the litany of federal cases cited by the parties, which, using *Dennis* as a springboard, extended the applicability of the one-year statute of limitations to other actions involving intentional torts. This Court has consistently held in many cases . . . that where a statute enumerates and specifies the subject of things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause, those not of like kind or classification as those enumerated.
>
> Even a casual reading of the statute leads inescapably to the conclusion that it does not cover, and was not intended to cover, all intentional tortious conduct . . . . The enumerated torts address damage to persons or their reputations exclusively. None of them addresses actions causing damage to property, tangible or intangible.

*Nichols*, 608 So. 2d at 332 (internal citations omitted). The Court in *Nichols* further held:

> Clearly then, the fact that wrongful conduct is alleged to be intentional does not determine which statute controls. *Dennis* means no more than that the absence of a label is, similarly, not controlling. Where, as there, the conduct alleged may be fairly categorized as one of the enumerated torts, the one-year statute applies. Otherwise, it does not.

*Id.* at 333. In 2000, the Mississippi Court of Appeals also held that the three-year statute of limitations applies to claims of intentional interference with an employment contract. *Wertz v. Ingalls Shipbuilding Inc.*, 790 So. 2d 841 (Miss. Ct. App. 2001)(citing *Nichols*, 608 So. 2d at 332-33).

However, Buxton argues that the *Nichols* and *Wertz* decisions are not applicable to Plaintiff's claims in the present lawsuit. With regard to the *Nichols* decision, Buxton points to the Court's emphasis on the fact that property was at issue, rather than personal injury. As for

*Wertz*, Buxton asserts that the case is not persuasive because the defendant never argued that the one-year statute of limitations applied.  Contrary to Buxton's assertions, the Court's ruling in *Wertz* hinged on its decision as to whether the one-year or three-year statute of limitations applied to tortious interference claims.  In *Wertz*, the lower court held that the plaintiff's claims were barred by the one-year statute of limitations, and that the savings statute, MISS. CODE ANN. § 15-1-69, was inapplicable.  *Wertz*, 790 So. 2d at 843 (¶1).  However, the Court of Appeals reversed the lower court's decision, finding that the plaintiff's claims were not barred by the statute of limitations even though the savings statute was inapplicable, because the three-year statute of limitations applied to the plaintiff's tortious interference claim.  *Id.* at 845 (¶¶8-9). Although the Court of Appeals did not discuss the *Robinson* decision or the analysis concerning property claims in *Nichols*, this Court must follow the precedent of the *Wertz* decision, which has resolved the issue of the proper statute of limitations to apply to tortious interference claims. Therefore, since Plaintiff filed this lawsuit within three years after her termination, Buxton's Motion to Dismiss must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [4] filed by Defendant, Roy Buxton, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of September, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE